**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEREMY RANEY,
Petitioner,

v. Case No. 8:24-cv-1026-KKM-GDP

SECRETARY, DEPARTMENT
OF CORRECTIONS,
Respondent.

---

**ORDER**

Raney, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (*id*.), the response opposing the petition as time-barred, (Doc. 7), and Raney's reply, (Doc. 12), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, a certificate of appealability is denied.

## I. BACKGROUND

A state court jury convicted Raney of one count of scheme to defraud. (Doc. 8-2, Ex. 1, pp. 210-11.) The state trial court sentenced him to 20 years in prison, followed by 10 years of probation. (*Id*., pp. 216-18.) The state appellate court per curiam affirmed Raney's conviction and sentence. (Doc. 8-2, Ex. 9.) The state appellate court also per curiam affirmed the denial of Raney's motion for postconviction relief, filed under Florida Rule of Criminal Procedure 3.850. (Doc. 8-3, Exs. 13 & 17.)

## II. LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under the AEDPA, a federal habeas petitioner has one year to file a § 2254 petition. This one-year limitation period starts running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

## III. ANALYSIS

### A. Untimeliness Under Section 2244(d)(1)(A)

The state appellate court affirmed Raney's conviction and sentence on August 23, 2019, and denied his motion for a written opinion on September 20, 2019. (Doc. 8-2, Exs. 9 & 11.) Raney's judgment became final 90 days later, on December 19, 2019, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

The AEDPA limitation period began running the next day, December 20, 2019. Raney had one year, until December 21, 2020,[1] to either file his federal habeas petition or invoke statutory tolling under § 2244(d)(2) by filing a state court motion for collateral relief. But Raney did not file a tolling motion in state court until April 6, 2022, when he moved for and was granted leave to file a belated postconviction motion. (Doc. 8-3, Ex. 13, pp. 3-6.) Raney filed his § 2254 federal habeas petition two years later, on April 25, 2024. (Doc. 1, p. 1.)

In his reply, Raney contends that "the restarting of his state postconviction time effectively restart[ed] his [§] 2254 time." (Doc. 12, p. 2.) But the state court's acceptance of Raney's belated postconviction motion after the AEDPA limitation period had already expired did not restart the AEDPA clock. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application *actually pending* in state court" (emphasis added)); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.' " (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th

[1] The three hundred sixty-fifth day, December 20, 2020, was a Sunday. Raney therefore had until Monday, December 21, 2020, to file his § 2254 petition. Fed. R. Civ. P. 6(a)(1)(C).

Cir. 2000))). Accordingly, Raney's federal habeas petition is untimely under § 2244(d)(1)(A).

**B. Equitable Tolling**

Raney contends that he is entitled to equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances.").

Raney argues that his state postconviction attorney "abandoned him during the state postconviction process, resulting in the [AEDPA] limitation

expiring" by miscalculating the deadline to seek postconviction relief in state court under Florida Rule of Criminal Procedure 3.850. (Doc. 12, p. 2.)

Raney has not shown an extraordinary circumstance beyond his control that would warrant equitable tolling. Raney retained postconviction counsel in August 2020. (Doc. 8-3, Ex. 13, p. 4.) On April 6, 2022, when counsel sought the state court's permission to file a belated postconviction motion, she stated that the two-year postconviction deadline had passed in October 2021. (*Id.*, pp. 4-5.) She conceded her negligence in miscalculating the deadline. (*Id.*)

An attorney's miscalculation of the limitation period or misapprehension about the limitation generally is not a basis for equitable tolling. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1223-24, 1236-37 (11th Cir. 2017) (explaining that equitable tolling may be warranted upon instances of serious attorney misconduct including abandonment of the client, bad faith, dishonesty, divided loyalty, or mental impairment, but that equitable tolling is not warranted due to an attorney's negligence or misunderstanding of the law). Raney has not shown that his postconviction counsel's actions constituted bad faith or dishonesty. Nor does he allege specific facts to support his conclusory allegation that his postconviction counsel abandoned him. *See id.* at 1234 ("Abandonment denotes renunciation or withdrawal, or a rejection or desertion of one's responsibilities, a walking away from a relationship.").

Finally, the equitable tolling inquiry concerns a petitioner's ability to file his § 2254 petition in a timely manner, not his ability to toll the AEDPA limitation period by filing a state-court motion. Raney does not assert that his postconviction attorney's representation extended to filing a § 2254 petition. His attorney's failure to commence statutory tolling under § 2244(d)(2) by filing Raney's state court postconviction motion before the AEDPA limitation period expired is not an extraordinary circumstance.

Nor has Raney shown that he was diligent in pursuing his rights. While Raney notes that he appealed, hired counsel, filed a state postconviction motion, and filed this § 2254 petition, he does not identify any actions he took to ensure the timely filing of his § 2254 petition. (Doc. 12, p. 3.) Raney does not allege, for instance, that he communicated with his attorney about relevant court deadlines, or that he made any other kind of inquiry about his potential remedies in state or federal court. (*Id.*); *see Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (stating that a prisoner must make "reasonable efforts" to pursue his rights to satisfy the due diligence requirement of equitable tolling).

Because he has not shown that extraordinary circumstances beyond his control prevented him from timely filing his § 2254 petition, despite his diligent attempts to do so, Raney is not entitled to equitable tolling.

## IV. CERTIFICATE OF APPEALABILITY

Raney is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Raney must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Raney cannot satisfy the second prong of the *Slack* test. As Raney is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Therefore, the Court **ORDERS** that Raney's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Raney and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on November 16, 2026.

Kathryn Kimball Mizelle
United States District Judge